IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESUS BROWN,<br><br>                Plaintiff,<br><br>   vs.<br><br>DR. DEOL, Nebraska Department of Correctional Services Medical Director, individually and in their offiacl capacities; GARY J. HUSTAD, MD, individually and in their offiacl capacities; DAN DANAHER, Physician Assistant, individually and in their offiacl capacities; and DR. JEFFREY KASSELMAN, in his individual and official capacity;<br><br>                Defendants. | 4:18CV3020<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the court on Plaintiff's Motion for Counsel (filing no. 22) and what the court construes as a motion for summons (filing no. 23), which were both filed in conjunction with Plaintiff's Amended Complaint (filing no. 21). The court will address each motion below.

### I. MOTION TO APPOINT COUNSEL

      Plaintiff asks the court to appoint him counsel due to his inability to afford private counsel. As the court previously explained in denying Plaintiff's first motion for counsel (*see* filing no. 16 at CM/ECF pp. 12–13), the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will

benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

## II. AMENDED COMPLAINT AND MOTION FOR SUMMONS

On October 5, 2018, Plaintiff filed an Amended Complaint[1] (filing no. 21) and what the court construes as a Motion for Summons (filing no. 23). In his Amended Complaint, Plaintiff seeks to add Dr. Jeffrey Kasselman as a Defendant and alleges Dr. Kasselman is the pain specialist for the Nebraska Department of Correctional Services ("NDCS") who "agreed to remove [Plaintiff] off his medication, even when he was in serious pain." (Filing No. 21 at CM/ECF pp. 1, 3, ¶¶ 4, 20.)

Upon review of Plaintiff's Amended Complaint and given the liberal construction afforded to pro se litigants' pleadings, the court concludes that Plaintiff has sufficiently alleged an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Dr. Kasselman. Plaintiff's claims may proceed to service of process against Dr. Kasselman in his individual capacity, and only his claim for prospective injunctive relief may proceed against Dr. Kasselman in his official capacity. Plaintiff's official-capacity claims against Dr. Kasselman for monetary and declaratory relief are dismissed for the same reasons stated in the court's August 24, 2018 Memorandum and Order (filing no. 16).

---

[1] Plaintiff's Amended Complaint was properly filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it . . . .").

Plaintiff filed six "Praecipe[s] for Summons" along with his Amended Complaint, seeking to have his Amended Complaint served on all the Defendants. ([Filing No. 23](#).) Based on the court's review of the Amended Complaint, Plaintiff's Motion for Summons is granted to the extent that the court will direct the clerk of the court to complete the appropriate summons forms and forward them to the United States Marshals Service for service on Dr. Kasselman in his individual and official capacity. Plaintiff's Motion for Summons is denied to the extent he seeks to serve the Amended Complaint on Physician Assistants Cheryl Flinn and Vaughn Wenzel as those Defendants have been dismissed from this action. (*See* [Filing No. 16 at CM/ECF p. 15](#).)

Defendants Dr. Deol, Dr. Gary J. Hustad, and Physician Assistant Dan Danaher were served with the original Complaint prior to the date Plaintiff filed his Amended Complaint. (*See* Filing Nos. [18](#), [19](#), [20](#), [24](#), & [25](#).) These Defendants, in both their individual and official capacities, filed an Answer ([filing no. 26](#)) through counsel on October 15, 2018, subsequent to Plaintiff's filing of his Amended Complaint. The Defendants' Answer appears to respond to the allegations contained in Plaintiff's original Complaint ([filing no. 1](#)), but also asserts various defenses "in response to the allegations in the *Amended* Complaint." (*Compare* [Filing No. 26 at CM/ECF p. 1](#) *with* [Filing No. 26 at CM/ECF p. 5](#), "Defenses" (emphasis added).) If Defendants Dr. Deol, Dr. Hustad, and Danaher are satisfied that their Answer sufficiently addresses the allegations of the Amended Complaint, then they may forgo filing a new answer. If, however, these Defendants feel their Answer insufficiently responds to the Amended Complaint, then the Defendants have 30 days from the date of this order to file an answer to the Amended Complaint. Accordingly,

IT IS ORDERED that:

1. Plaintiff's Motion to Appoint Counsel ([filing no. 22](#)) is denied without prejudice to reassertion.

3

2. Plaintiff's Motion for Summons (filing no. 23) is granted in part, and denied in part, in accordance with this Memorandum and Order.

3. Plaintiff's Eighth Amendment claims against Dr. Jeffrey Kasselman in his individual capacity, as well as in his official capacity for prospective injunctive relief only, may proceed to service of process. Plaintiff's official-capacity claims against Dr. Kasselman for monetary and declaratory relief are dismissed.

4. For service of process on defendant Dr. Jeffrey Kasselman in his official capacity, the clerk of the court is directed to complete a summons form and USM-285 form for defendant Dr. Jeffrey Kasselman using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Amended Complaint (filing no. 21), a copy of the court's August 24, 2018 Memorandum and Order (filing no. 16), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve defendant Dr. Jeffrey Kasselman in his official capacity at the office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509.** Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02 (Reissue 2016).[2]

5. For service of process on defendant Dr. Jeffrey Kasselman in his individual capacity, the clerk of the court is directed to complete a summons form

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

and a USM-285 form for defendant Dr. Jeffrey Kasselman using the address "Tecumseh State Correctional Institution, 2725 Hwy. 50, Tecumseh, NE 68450," and forward them together with a copy of the Amended Complaint (filing no. 21), a copy of the court's August 24, 2018 Memorandum and Order (filing no. 16), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve defendant Dr. Jeffrey Kasselman personally in his individual capacity at the Tecumseh State Correctional Institution, 2725 Hwy. 50, Tecumseh, NE 68450.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

6. Defendants Dr. Deol, Dr. Gary J. Hustad, and Dan Danaher shall have until **November 26, 2018**, to file an answer to the Amended Complaint (filing no. 21) if they so choose. The clerk of the court is directed to set the following pro se case management deadline: **November 26, 2018**: check for Defendants' answer to amended complaint.

7. The clerk of the court is directed to set the following pro se case management deadline: **January 3, 2019**: check for completion of service of process on Dr. Kasselman.

Dated this 25th day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge