IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESUS BROWN,<br><br>            Plaintiff,<br><br>  vs.<br><br>DR. DEOL, Nebraska Department of Correctional Services Medical Director, individually and in their official capacities; GARY J. HUSTAD, MD, individually and in their official capacities; DAN DANAHER, Physician Assistant, individually and in their official capacities; and DR. JEFFREY KASSELMAN, in his individual and official capacity;<br><br>            Defendants. | 4:18CV3020<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the court on Plaintiff's "Request for Production of Documents" (filing no. 36), which has been docketed as a motion, and a Motion for Appointment of Counsel (filing no. 37).

## I. DISCOVERY REQUEST

Plaintiff filed a "Request for Production of Documents" with the court on March 8, 2019. It appears Plaintiff filed this discovery request in this court and also served a copy on each of the Defendants and counsel for Defendants. (*See* Filing No. 36 at CM/ECF p. 5.) This court will not facilitate discovery between the parties unless it is called upon to resolve a dispute over which the parties cannot reach an agreement. Thus, to the extent Plaintiff seeks any assistance from the court in obtaining discovery, the court will not act upon Plaintiff's "Request for Production of Documents."

## II. MOTION FOR APPOINTMENT OF COUNSEL

This is Plaintiff's third request for court-appointed counsel. (*See* Filing Nos. 4, 22, & 37.) Plaintiff asks the court to appoint him counsel due to his inability to afford counsel, his need "to take deposition on the defendants, which he cannot do while . . . incarcerated," the possible need for medical expert testimony, the conflicting evidence, the complexity of the case, and Plaintiff's lack of legal training. (Filing No. 37 at CM/ECF pp. 1–2.).

As the court previously explained in denying Plaintiff's requests for counsel, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the court finds no such benefit is apparent at this time.

The court notes with respect to Plaintiff's alleged inability to take depositions while incarcerated that his bare assertion is unsupported by evidence in the record. This case is now in discovery, and the deposition deadline has not passed. Plaintiff's right to orally depose a named defendant is governed by Rule 30 of the Federal Rules of Civil Procedure, and his right to depose nonparty witnesses is governed by Rule 45 of the Federal Rules of Civil Procedure. In addition to Rules 30 and 45, parties are authorized under Rule 31 of the Federal Rules of Civil Procedure to depose an opposing party upon written questions.

IT IS THEREFORE ORDERED that:

1. To the extent Plaintiff seeks any assistance from the court in obtaining discovery, the court will not act upon Plaintiff's "Request for Production of Documents" ([filing no. 36](filing no. 36)), and the clerk of the court is directed to term the motion event associated with the filing.

2. Plaintiff's Motion for Appointment of Counsel ([filing no. 37](filing no. 37)) is denied without prejudice to reassertion.

Dated this 1st day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge